UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                                  Case No. 09-36379-PGH
                                                                        Chapter 11
Palm Beach Finance Partners, L.P. and
Palm Beach Finance II, L.P.,

       Debtor(s).
_____/

Barry E. Mukamal, as Liquidating Trustee,

       Plaintiff,

                                                                        Adversary Pro. No. 11-02940-PGH
v.

The National Christian Foundation, Inc.,

       Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

      Defendant, National Christian Charitable Foundation, Inc. ("NCF"),[1] by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to the Adversary Proceeding Complaint of plaintiff, Barry E. Mukamal, duly appointed and acting Liquidating Trustee (the "**Plaintiff**" or "**Trustee**") of the debtors, Palm Beach Finance Partners, L.P. and Palm Beach Finance II, L.P. (the "**Debtors**").

### AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    This Court lacks subject matter jurisdiction of this case.  The Trustee's claims

---

[1]    The Adversary Proceeding Complaint erroneously identifies defendant as The National Christian Foundation, Inc.  The proper name of defendant is National Christian Charitable Foundation, Inc.

against NCF are essentially common law claims attempting to augment the estate, do not stem from the bankruptcy itself and would not be resolved in the claims allowance process. *Stern v. Marshall*, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011). The Trustee's claims are a private right that must be adjudicated by an Article III court or a state court. This Court's jurisdiction over this claim is therefore unconstitutional.

3.      This Court does not have personal jurisdiction over NCF, a Georgia non-profit corporation.

4.      Venue is not proper in this Court; NCF does not reside in this district nor did a substantial part of the events or omissions giving rise to the claim occur in this district.

5.      Plaintiff's Complaint fails to meet the pleading standards of Fed. R. Civ. P. 8(a) in that it relies on conclusory allegations devoid of any factual enhancement regarding when the Palm Beach Funds became creditors of MGI and is not sufficiently detailed as to how the claims arose.

6.      Plaintiff's claims are barred by the applicable statute of limitations. For example, the Trustee's claims are brought exclusively as a state law claim and not under his "strong-arm" powers of § 544 of the Bankruptcy Code. Therefore, the Trustee does not get the benefit of the 2-year period of § 546 of the Bankruptcy Code and the statute of limitations began to run as of the date of the transfer.

7.      The funds transferred to NCF were held in trust for another (Fidelis Foundation) and NCF received no benefit from receipt of the funds transferred or any control of the disposition of said funds.

8.      Plaintiff's claims are barred by the doctrine of *in pari delicto*. To the extent the Debtors participated in the wrongdoing alleged by them against the Vennes Parties or the

wrongdoing alleged by them against the Petters entities, the Trustee cannot recover damages as a result of any such wrongdoing.

9.      Plaintiff's claims are barred by the doctrine of unclean hands.  To the extent the Debtors participated in the wrongdoing alleged by them against the Vennes Parties or the wrongdoing alleged by them against the Petters entities, the Trustee cannot recover damages as a result of any such wrongdoing.

10.     Plaintiff's claims are barred because the Palm Beach Funds are creditors of the Petters entities, not of the Vennes Parties.

11.     Plaintiff's claims are barred because they result in a multiple recovery.  The Trustee is seeking recovery against the Petters entities, the alleged transferors (Vennes and/or MGI), the alleged transferee (NCF), the alleged subsequent transferee (Fidelis Foundation), and the ultimate transferees (multiple charities who received transfers from Fidelis Foundation).

12.     NCF merely served as a conduit for the funds at issue in this case from Vennes and/or MGI to Fidelis Foundation.

13.     To the extent NCF is determined to be a transferee, NCF was a subsequent transferee of a good faith transferee who gave value to the Debtor.

14.     The transferor(s) did in fact receive consideration for the transfers at issue in this case.

15.     The transferor(s) was/were not insolvent at the time of the transfers at issue in this case.

16.     Plaintiff's Complaint violates the automatic stay in *United States v. Petters*, No. 08-cv-05348-ADM-JSM (D. Minn.), which stays all claims against or through the defendants in that case, including Vennes or MGI.  This action is only actionable through Vennes or MGI.

Without an order lifting that stay or providing relief for that stay, the Trustee has no authority or standing to bring this case, and is in violation of that stay order.

17.    Fidelis Foundation was an alter ego of Vennes and/or MGI.  Vennes and/or MGI merely used NCF to transfer the funds from one alter ego to another.  As a result, there were no transfers to NCF as a matter of law.

18.    Plaintiff's claims are barred by the Religious Liberty Charitable Donation Protection Act.  11 U.S.C. §§ 544, 548(a)(2).

19.    Plaintiff has failed to join an indispensable party in this litigation:  Gary Hansen, the Receiver for MGI.  The Court cannot afford complete relief between the Trustee and NCF without Gary Hansen's presence in this case.  NCF also bears a substantial risk of double, multiple, or inconsistent liability without Gary Hansen being named in this lawsuit. This action without Gary Hansen as a party impairs his ability to protect his interests.

20.    Plaintiff lacks standing to bring these claims against NCF.  These claims belong to the MGI receiver, Gary Hansen, and are property of the receivership action pending in Minnesota because these claims are assets of that receivership that must be recovered in that case.

21.    The Debtors were contributorily negligent in relation to any claim of negligence by the Debtors against the Vennes Parties.

22.    The Debtors assumed the risk of their investments in the Petters entities and were responsible to perform due diligence before making said investments, unlike NCF, which merely accepted charitable contributions with typical directions to transfer those charitable contributions to another qualified charity (Fidelis Foundation).

## <u>ANSWER</u>

### PARTIES, JURISDICTION, AND VENUE[2]

1.      Admitted, on information and belief.

2.      Admitted, on information and belief, except that as to the purpose for which the Palm Beach Funds were formed NCF lacks knowledge or information sufficient to form a belief about the truth of the allegation(s).

3.      Admitted, on information and belief.

4.      Admitted, on information and belief.

5.      Admitted, on information and belief.

6.      Admitted, on information and belief.

7.      Admitted.

8.      Denied.

9.      Denied.

### ALLEGATIONS

**I.      The Petters Investment**

**A.      General Description of the Investment**

10.      NCF lacks knowledge or information sufficient to form a belief about the truth of the allegation(s).

11.      NCF lacks knowledge or information sufficient to form a belief about the truth of the allegation(s).

---

[2]      For clarity, NCF will repeat in this Answer the headings used by plaintiff in the Complaint but does not thereby admit any allegation or concede any characterization contained therein.

12.     NCF lacks knowledge or information sufficient to form a belief about the truth of the allegation(s).

13.     NCF lacks knowledge or information sufficient to form a belief about the truth of the allegation(s).

14.     NCF lacks knowledge or information sufficient to form a belief about the truth of the allegation(s).

15.     NCF lacks knowledge or information sufficient to form a belief about the truth of the allegation(s).

16.     NCF lacks knowledge or information sufficient to form a belief about the truth of the allegation(s).

**B.     The Palm Beach Funds' Investment in Petters**

17.     NCF lacks knowledge or information sufficient to form a belief about the truth of the allegation(s).

18.     NCF lacks knowledge or information sufficient to form a belief about the truth of the allegation(s).

19.     NCF lacks knowledge or information sufficient to form a belief about the truth of the allegation(s).

20.     NCF lacks knowledge or information sufficient to form a belief about the truth of the allegation(s).

**II.     The Petters Fraud**

21.     NCF lacks knowledge or information sufficient to form a belief about the truth of the allegation(s).

22.    NCF lacks knowledge or information sufficient to form a belief about the truth of the allegation(s).

23.    NCF lacks knowledge or information sufficient to form a belief about the truth of the allegation(s).

24.    Admitted, on information and belief.

25.    Admitted, on information and belief.

26.    Admitted, on information and belief.

27.    Admitted, on information and belief.

**III.    The Vennes Parties' Action and Transfers to the Defendant**

28.    Admitted.

29.    Denied because the Vennes Action speaks for itself.

30.    Denied.

31.    Denied, except admitted that MGI and/or Vennes made transfers to NCF in the amounts and on or about the dates shown on Schedule 1.

**Count 1 – Fraudulent Transfer Pursuant to M.S.A. §§ 513.44 and 513.48 or Other Applicable Law**

32.    NCF reasserts the responses set forth in ¶¶ 1-31 as if fully set forth herein.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.     Denied.

## Count 2 – Fraudulent Transfer Pursuant to M.S.A. §§ 513.45 and 513.48 or Other Applicable Law

41.     NCF reasserts the responses set forth in ¶¶ 1-31 as if fully set forth herein.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

## Count 3 – Unjust Enrichment

46.     NCF reasserts the responses set forth in ¶¶ 1-31 as if fully set forth herein.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

## PRAYER FOR RELIEF

WHEREFORE, NCF respectfully requests that this Court:

(a)     Enter judgment against plaintiff and for NCF;

(b)     Dismiss plaintiff's Complaint;

(c)     Award NCF's reasonable attorneys' fees and costs to the extent allowed under applicable law or statute; and

(d)     Grant such further relief as this Court deems just and proper.

Dated April 12, 2013.

Respectfully submitted,

**FISHERBROYLES, LLP**

By: _/s/ David J. Myers_
David J. Myers
GA Bar No.: 533072 (admitted *pro hac vice*)

1200 Abernathy Road
Building 600, Suite 1700
Atlanta, Georgia 30328
404-825-3907 (o)
770-551-8105 (f)
myers@fsblegal.com

**SHRAIBERG, FERRARA & LANDAU, P.A.**

Bradley S. Shraiberg, Esq.
Florida Bar No. 121622

2385 NW Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
bshraiberg@sfl-pa.com

Attorneys for National Christian Charitable
Foundation, Inc.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via

Notice of Electronic Filing to those parties registered to receive electronic filings on this the 12th

day of April, 2013.

By: <u>/s/ David J. Myers</u>
      David J. Myers
