UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

Palm Beach Finance Partners, L.P. and
Palm Beach Finance II, L.P.,

    Debtor(s).
_____/

Barry E. Mukamal, as Liquidating Trustee,

    Plaintiff,

v.

The National Christian Charitable
Foundation, Inc., d/b/a The National
Christian Foundation, Inc.,

    Defendant.
_____/

Case No. 09-36379-PGH
Chapter 11

Adv. Case. No. 11-02940-PGH

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT [ECF NO. 70]**

Barry E. Mukamal ("***Plaintiff***" or "***Liquidating Trustee***"), in his capacity as Liquidating Trustee for the Palm Beach Finance Partners Liquidating Trust and the Palm Beach Finance II Liquidating Trust (collectively, the "***Liquidating Trusts***"), by and through undersigned counsel, files his Response (the "***Response***") to Defendant's Motion for Summary Judgment and Memorandum in Support (the "***Defendant's Summary Judgment Motion***").

I. **Introduction**

As detailed in the Plaintiff's Motion for Partial Summary Judgment as to Choice of Law [ECF No. 69] (the "***Plaintiff's Summary Judgment Motion***"), this adversary proceeding is an

action to recover, as constructively fraudulent, certain transfers made to the Defendant.[1] In an effort to advocate for the application of Minnesota law to these claims, and thereby attempt to take advantage of a defense not available to Defendant under either Georgia or Florida law, Defendant's Summary Judgment Motion focuses much of its attention not on the Transfers to Defendant, but on the subsequent transfer of most of those funds from the Defendant to Fidelis, and the further subsequent transfer of certain of those funds by Fidelis to other charities. However, where the funds were later sent by Defendant is completely irrelevant to a balancing of connections and state law interests relative to Plaintiff's fraudulent transfer claims against the Defendant. This is not an action against Fidelis as a subsequent transferee and neither Fidelis, nor its further subsequent transferees, are parties to this action. Therefore, the fact of these later transfers is irrelevant to the choice of law issue and should be disregarded.

Similarly, Defendant's Summary Judgment Motion places emphasis on a host of other facts and purported "Minnesota" connections that are equally irrelevant to the choice of law issue actually before the Court – *e.g.* (i) the actions taken by Fidelis in Minnesota to set up the Fidelis Fund (Fidelis is not a party), (ii) the fact that Vennes, MGI, Howse, Fidelis and others involved in the setup of the Fidelis and Vennes Funds were located in Minnesota (none are parties), (iii) the fact that certain investment documents for MGI contained a Minnesota choice of law provision, even though Defendant was not an investor or a counterparty to any of such documents, and (iv) the fact that Vennes and the principals of the Palm Beach Funds were prosecuted in Minnesota (none are parties). Defendant does so in an attempt to create the illusion of additional connections to Minnesota, and thereby bolster its otherwise relatively weak, self-serving argument for the application of Minnesota law. By including all of these extraneous

---

[1] All capitalized terms utilized but not otherwise defined herein shall have the meaning ascribed to such terms in the Plaintiff's Summary Judgment Motion.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TELEPHONE (305) 358-6363
{Firm Clients/MGEM/MGEM-28/01487933.DOCX.}

purported "connections" that have no relevance to the elements of Plaintiff's claims, however, Defendant succeeds only in highlighting the weakness of its argument. Moreover, it does so without citation to any case law in support. *See* Defendant's Summary Judgment Motion, pp. 10-17.

The simple fact remains, as laid out in the Plaintiff's Summary Judgment Motion, that this case presents no "true conflict" of law. There is no defendant in this action asserting its right to Minnesota law as a Minnesota citizen. Accordingly, the state of Minnesota does not have an actual interest in the dispute. Moreover, even under the Restatement's "significant relationships" test, both the qualitative and the quantitative contacts weigh in favor of the application of Georgia, or alternatively Florida, law.

II. **Connections Regarding NCF's Subsequent Transfer of the Funds after Receipt are Not Relevant**

In support of its argument for the application of Minnesota law, NCF includes as purportedly relevant the fact that the funds received by NCF ultimately ended up in the hands of a Minnesota non-profit corporation (Fidelis), which later further transferred some of such funds to other Minnesota non-profits. All of such facts, however are completely irrelevant to this Court's analysis of what law applies to Plaintiff's claims. The Transfers at issue herein concluded when NCF received the moneys in Georgia. Indeed, NCF's documents and witnesses repeatedly and consistently take the position, as is required in order for their giving funds to operate legally, that contributions to NCF's giving funds are "irrevocable and nonrefundable" when made and, "to the extent allowed by applicable federal and state law, are immediately deductible by the [g]iver as a charitable contribution." *See* Dep. Ex. 56 at p. 3. Thereafter, the giver retains merely the right to recommend, but not control, the grant/distribution of funds from the DAF to other charitable organizations throughout the United States." *See id.* at p. 4; Dep. Ex.

26 at p. 30; Dep. Ex. 27 at p. 31. NCF's own manuals and policies repeatedly state that NCF has ultimate dominion and control over the funds once they are contributed to NCF. *See* Dep. Ex. 56 at p. 4; Dep. Ex. 26 at p. 30-31; Dep. Ex. 27 at p. 31-32; Dep. Ex. 3 at p. 2, 4; Parker Depo at 91:5-21; 109:21-110:4; Townsend Depo at 71:3-72:20. As such, what NCF, as the owner of the "irrevocable and nonrefundable" Transfers did with them following their receipt is not relevant to the choice of law analysis (no matter how long NCF retained ownership) and should not be considered.

Stated otherwise, if this action was against Fidelis, as the subsequent transferee of the Transfers, an analysis of the subsequent transferee and its location, accounts, etc. may be relevant. Here, however, where the case involves only the Plaintiff's claims against NCF as the initial transferee, and whether the Transfers received by it are recoverable, it is irrelevant to a balancing of connections and state law interests to consider where the funds were later sent. This is not an action against any of the subsequent transferee(s). As such, this Court should not consider in its choice of law analysis any facts regarding what NCF subsequently did with the Transfers.

### III.  Connections Regarding Non-Parties are Not Relevant

Similarly, this Court should also not consider facts regarding the location of, and actions taken by, non-parties to this adversary proceeding. The Restatement factors clearly instruct that it is the "domicil, residence, nationality, place of incorporation and place of business *of the parties*" and the "place where the relationship, if any, *between the parties* is centered" that is relevant to the analysis. *See* Restatement (Second) of Conflict of Laws § 145(2)(c) and (d) (1971) (emphasis added). Despite this clear, unambiguous language, NCF focuses the bulk of its summary judgment motion on the location of, and actions taken by, various non-parties to this

adversary proceeding – *e.g.* Fidelis, MGI, and Vennes. The language of the Restatement itself instructs this Court to do otherwise.[2] If the Restatement analysis considered the location of entities or individuals, other than the parties, relevant to the choice of law analysis, it could (and would) have chosen not to limit such factors to the actual parties. By including such an express limitation, however, the Restatement logically directs the Court to consider only the location of the actual parties and their relationship. This, of course, makes sense because it is the parties before the Court and their connections that should be considered, not those of others that are not even before the Court. As such, any facts relevant to the location of Fidelis, MGI or Vennes are irrelevant and should not be considered.[3]

Similarly, the facts relevant to the criminal prosecutions of Vennes, Bruce Prevost and David Harrold are also irrelevant. *See* Defendant's Summary Judgment Motion, p. 6, 11. None are parties to this proceeding and their criminal prosecutions have no relevance to the choice of law analysis currently before the Court. Incredulously, NCF asserts that the prosecution of Vennes, Prevost and Harrold in Minnesota somehow translates to the United States government taking the position that the injury relevant to *this adversary proceeding* occurred in Minnesota. *Id.* at 11. NCF's argument is not supported by any case law and assumes that the mere choice by the *federal* government under *federal* criminal law to prosecute in Minnesota should be instructive on the application of state fraudulent conveyance laws as between the Plaintiff and

---

[2] The "first step in interpret[ation] is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340, 117 S. Ct. 843, 846, 136 L. Ed. 2d 808 (1997). If the language is unambiguous, the "inquiry must cease." *Id.* This is equally true for interpretation of the Restatement, as adopted by a state. *Am. Int'l Ins. Co. Of Puerto Rico v. Lampe GMBH*, 307 F. App'x 645, 649 (3d Cir. 2009).

[3] In order to further its self-serving argument for the application of Minnesota law, NCF takes the term "parties," as used in the Restatement, to mean essentially any individual or entity that has any connection to the case, not just the actual parties to the dispute. *See* Defendant's Summary Judgment Motion, p. 12-13 ("Almost All of the *Relevant Parties* Were Located in Minnesota. . . .The *parties with interests affected by this litigation* . . .") (emphasis added). NCF cites to no case law in support of such a broad interpretation of the Restatement language, however, and it is contrary to the plain language of the Restatement.

NCF, neither of whom were parties to the criminal prosecution. In contrast, the fact that the prosecutions took place in Minnesota represents nothing more than a choice of venue (not choice of law) by the US Attorney's Office – *i.e.* a choice to proceed in one location, among others, in which venue and personal jurisdiction were arguably proper.

IV.     **The Choice of Law Provision in PBF's Investment Documents Is Inapplicable and Irrelevant, as Defendant Was Neither an Investor nor a Party to Any Such Documents**

Continuing its parade of extraneous facts irrelevant to the choice of law analysis presented herein, Defendant points the Court to the choice of law provisions contained in the promissory notes and security agreements executed between the Palm Beach Funds and its investors. If this were an action to recover transfers made by the Palm Beach Funds to one of its investors, such a contractual choice of law provision may be relevant. However. the Transfers sought to be recovered here do not involve any investment by the Defendant (or anyone else) in the Palm Beach Funds and are in no way governed by those documents. The undisputed facts in the record clearly establish that the Transfers were made as purported cash donations to NCF. Moreover, the Defendant (i) is not a counterparty to any documents containing a Minnesota choice of law provision and (ii) cannot point to any documents between the parties to this Adversary Proceeding containing any such choice of law provision. Accordingly, such facts are wholly irrelevant to the Court's analysis in the instant case.

V.      **The Uniform Law Commission's Recommendations Are Wholly Inapplicable**

In a further effort to advocate for the application of Minnesota law, the Defendant cites to the recent amendments adopted by the Uniform Law Commission to the Uniform Fraudulent Transfer Act, including specifically a provision recommending that choice of law in fraudulent transfer cases be determined by the location of the debtor/transferor at the time of the transfer. *See* Defendant's Summary Judgment Motion, p. 15-17. However, such amendments have not

yet been adopted, retroactively or otherwise, by any states. As such, the proposed amendments contained therein are not the law today in any jurisdiction, nor were they the law when the Plaintiff commenced this action back in November of 2011. As such, these provisions have no relevance to the choice of law issue currently before the Court.

Further, the Plaintiff asserts that, in the context of this case, the location of the transferor should not be given any significant consideration or weight under the express language of the Restatement (the current controlling precedent). First, as discussed in the Plaintiff's Summary Judgment Motion, the Restatement itself instructs that the importance of the first two factors of § 145 of the Restatement is severely diminished when the injury is intangible, as with cases of fraud or misrepresentation. See Restatement (Second) of Conflict of Laws § 145 cmt. e (1971). Further, as noted in the Restatement commentary, when "the place of injury cannot be ascertained or is fortuitous and, with respect to the particular issue, bears little relation to the occurrence and the parties, *the place where the defendant's conduct occurred will usually be given particular weight in determining the state of the applicable law.*" *Id.* (emphasis added).

Second, as noted above, the Restatement requires consideration of the location and actions of the *parties*; and the transferor (MGI) is not a party in this case. The choice-of-law cases in the fraudulent transfer context which consider relevant the location from which the funds were transferred are, without exception, cases where the transferor (or its fiduciary) are a *party* to the action. As such, the actual plaintiff/party to the lawsuit is the transferor and its conduct is, by definition, relevant to the analysis (*as a party*). In this case, conversely, the claims are being asserted not by the transferor or its representative, but by the entity that was, in fact, injured by the transfers – a creditor of the transferor. Accordingly, the location of the Plaintiff is far more relevant to the analysis here. See *Feuerbacher v. Moser*, No. 4:11-CV-272, 2012 WL

1070138, at *11 (E.D. Tex. March 29, 2012) (looking to the location of the transferor's creditors for the place of injury in a fraudulent transfer case). In that regard, Plaintiff is a Florida resident, appointed by a Florida court on behalf of liquidating trusts that (i) were formed in accordance with a plan of liquidation filed in and confirmed by order of this Florida Court, and (ii) are governed by Florida law. Moreover, the investors/creditors whose interests the Plaintiff represents are located all over the United States, as well as internationally. *See, e.g.,* Case No. 09-36379, ECF No. 49; Case No. 09-36396, ECF No. 21.

## VI.   The Plaintiff's Summary Judgment Motion is Not Inconsistent with the Complaint

Defendant asserts that this Court should apply Minnesota law because it is the "only state's fraudulent transfer law specifically pled by the Trustee" in his various adversary proceedings commenced against the transferees of Vennes/MGI. *See id.* at 11. In so doing, however, the Defendant ignores the plain language of the Plaintiff's actual complaints. Although Counts I and II of the Complaint in the instant action (and the Plaintiff's other Vennes/MGI-related actions) site to provisions of Minnesota's version of the Uniform Fraudulent Transfer Act, they expressly assert liability pursuant to those provisions "*or other applicable law.*" *See* ECF No. 1, pp. 6-7 (emphasis added). The various Vennes/MGI adversary proceedings were all commenced in the early stages of the Plaintiff's investigation of Vennes/MGI, and with limited bank records and other information (in light of the stay of discovery and litigation against such entities in place at the time). Acknowledging that the Court would inevitably be required to undertake a choice of law analysis at the appropriate time in each of such cases, Plaintiff appropriately *and expressly* left that issue open for another day, while including in each of its Complaints the allegations pertinent to a claim under the Uniform Fraudulent Transfer Act. *See, e.g., Cantonis v. Stryker Corp.,* Civ. No. 09–3509 (JRT/JJK), 2010 WL 6239354, at *5 (D. Minn.

Nov. 23, 2010) (finding a choice of law analysis premature at the motion to dismiss stage "because it requires resolution of fact issues beyond the scope" of the motion to dismiss.); *see also* ECF No. 59, *Mukamal v. Cosmos (In re Palm Beach Finance Partners, L.P.),* Adv. Case No. 11-02990-PGH (Bankr. S.D. Fla. July 30, 2013), p. 22 (indicating that it was premature at the motion to dismiss stage to conduct a choice of law analysis as to whether Minnesota or some other state's law applied with respect to Plaintiff's similarly pled Vennes/MGI complaints).

As such, the plain language of the Complaint belies any assertion that the Plaintiff (i) is taking a position inconsistent with its initial pleading or (ii) evidenced an "intent and expectation to pursue all of his fraudulent transfer claims under Minnesota law." *See* Defendant's Summary Judgment Motion, pp. 11, 15. Rather, Plaintiff left that fact-intensive question open at the time of filing and has since appropriately proceeded to take extensive discovery of the Defendant to determine, *inter alia*, the precise facts relevant to application of the Restatement factors in this case. Based on those actual undisputed facts, which were not, and could not have been, known to Plaintiff at the time of filing of the Complaint, the Plaintiff now asks the Court to make the appropriate determination as to which "applicable law" is indeed the correct one to apply in this case. Accordingly, the Plaintiff's Complaint is neither inconsistent with its current position nor controlling as to choice of law.

### VII. <u>Conclusion</u>

Instead of focusing on the facts of the actual Transfers, and following the language of the current controlling law (and the case law interpreting it in the context of fraudulent transfer actions and other torts), the Defendant's Summary Judgment Motion attempts to divert the Court's attention to a host of irrelevant facts while citing to no cases in support of its position that such should even be considered. In contrast, the Plaintiff's Summary Judgment Motion

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/MGEM/MGEM-28/01487933.DOCX.}

contains a detailed analysis of the relevant case law and precedent within the Eleventh Circuit, which, at every turn, points to application of Georgia law to the Plaintiff's claims herein. Indeed, because this case involves neither a plaintiff nor a defendant that is a resident of Minnesota, nor any contractual choice of law provision between the *parties* requiring application of Minnesota law, Minnesota simply does not have an interest in this dispute. *See, e.g., Hughes Wood Prods., Inc. v. Wagner,* 18 S.W.3d 202, 205 (Tex. 2000) (stating that the Restatement factors should be considered in light of which state's law has the most significant relationship *"to the particular substantive issue to be resolved."*) (emphasis in original); *Foster v. United States*, 768 F.2d 1278, 1283 (11th Cir. 1985) ("a limit on recovery should not be applied when there is no domiciliary defendant because it advances no policy behind the limitation."). Moreover, even if Minnesota did have an interest, the basic creditor protection policy underlying fraudulent transfer law can only be served here by the application of Georgia or Florida law, *the location of the actual parties*. Accordingly, and because the Restatement factors (as interpreted with appropriate consideration of its commentary and applicable case law) weigh heavily in favor of the application of Georgia law, this Court should deny the Defendant's Summary Judgment Motion.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TELEPHONE (305) 358-6363
{Firm Clients/MGEM/MGEM-28/01487933.DOCX.}

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on September 12, 2014, via the Court's Notice of Electronic Filing upon the Registered Users listed on the attached <u>Exhibit 1</u> and via Regular U.S. Mail on David J. Myers., Esq., FSB FisherBroyles, LLP, Northpark Town Center, Suite 1700, 1200 Abernathy Road, Building 600, Atlanta, GA 30328 [myers@fsblebal.com].

        s/ Peter D. Russin
        Peter D. Russin, Esquire
        Florida Bar No. 765902
        prussin@melandrussin.com
        Jessica L. Wasserstrom, Esquire
        Florida Bar No. 985820
        jwasserstrom@melandrussin.com
        MELAND RUSSIN & BUDWICK, P.A.
        3200 Southeast Financial Center
        200 South Biscayne Boulevard
        Miami, Florida  33131
        Telephone: (305) 358-6363
        Telecopy: (305) 358-1221

        *Attorneys for the Plaintiff*

# Mailing Information for Case 11-02940-PGH

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Michael S Budwick**   mbudwick@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- **Francis L. Carter**   flc@flcarterpa.com
- **David J Myers**   myers@fsblegal.com
- **Peter D. Russin**   prussin@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- **Bradley S Shraiberg**   bshraiberg@sfl-pa.com, dwoodall@sfl-pa.com;vchapkin@sfl-pa.com;lrosetto@sfl-pa.com;scusack@sfl-pa.com;blee@sfl-pa.com
- **Jessica L Wasserstrom**   jwasserstrom@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com

EXHIBIT 1